Chen v. Holder

BIA
Videla, IJ
A087 633 206

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand fourteen.

PRESENT:
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
           *Circuit Judges.*

_____

XUELING CHEN,
        *Petitioner,*

      v.                    13-642
                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Ramesh K. Shrestha, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xueling Chen, a native and citizen of the People's Republic of China, seeks review of a January 29, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") August 11, 2011, decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xueling Chen*, No. A087 633 206 (B.I.A. Jan. 29, 2013), *aff'g* No. A087 633 206 (Immig. Ct. N.Y. City Aug. 11, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Chen's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, regardless of whether such inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).

Here, the IJ reasonably based his adverse credibility determination on Chen's inconsistent testimony, inconsistencies between her testimony and that of her uncle, and her omission of information from her asylum application. As the agency found, Chen gave confusing and inconsistent testimony regarding her passports, initially stating that she only ever had three passports, but later testifying that she obtained a fourth passport, a copy of which she used to obtain a fifth passport while she was in the United States. In addition, although Chen testified to obtaining the fifth

3

passport in May 2009, her July 2009 asylum application stated she did not have a passport. The agency also reasonably relied on inconsistencies between the testimony of Chen and her witness. For example, Chen testified that she had never been to Alabama, contradicting her uncle's testimony that she worked for months in his Alabama restaurant. While tangential to Chen's asylum claim, these inconsistencies are numerous and, considering the totality of the circumstances, support the agency's adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "*any* inconsistency or omission"); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("a single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence").

Moreover, the agency reasonably rejected Chen's explanation that she was confused by the aggressive questioning by the IJ and government attorney. The agency reasonably found that the record does not reflect questioning that was overly persistent, but simply efforts

4

by the IJ and attorney to elicit responsive answers to their questions. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

As to demeanor, we defer to the IJ's finding that Chen's hesitant and evasive testimony affected her credibility as that finding was connected to Chen's confusing and inconsistent testimony regarding her passports. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Given these inconsistencies and Chen's hesitant demeanor, the totality of the circumstances supports the agency's adverse credibility determination. Although Chen submitted corroborating letters from her relatives and a photograph purportedly of her practicing Falun Gong, the IJ reasonably found that evidence insufficient to establish her eligibility for relief absent credible testimony, as the authors were not available for cross-examination and Chen could not identify the origin of the photograph. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to documentary evidence lies largely within agency's discretion); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from "relatives and

5

friends," because they were from interested witnesses not subject to cross-examination), *abrogated on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

As the only evidence of a threat to Chen's life or freedom, or likelihood of torture, depended upon her credibility, the adverse credibility determination necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk